356 P.2d 54

Vern E. HERZOG and Thelma G. Herzog, Husband and Wife, Plaintiffs-Respondents,

v.

CITY OF POCATELLO, a Municipal Corporation of Idaho, Defendant,

and

C. A. Garrett, George L. Frenette, C. P. Tucker, Myles W. Romney and Ida Henderson, Petitioners to intervene as Defendants-Appellants.

No. 8939.

Supreme Court of Idaho.

Oct. 14, 1960.

Rehearing Denied Nov. 2, 1960.

F. E. Tydeman, Pocatello, for appellants.

Gerald W. Olson, Pocatello, for defendant City of Pocatello.

O. R. Baum, Ben Peterson, Baum & Peterson, Ruby Y. Brown and Vern E. Herzog, Jr., Pocatello, for respondents.

KNUDSON, Justice.

This action was originally commenced on February 15, 1960, by respondents against defendant, City of Pocatello, in which respondents contend that defendant city acted arbitrarily and capriciously in refusing to grant respondents permission to use their property for service station purposes. Respondents allege in their complaint that their petition to use their property for such use has been approved by the zoning commission and planning commission of said city and that the action of the city in denying respondents such right deprives them of a valuable property right. Respondents also allege that the zoning ordinance as the same applies to their property is unconstitutional and that the said city is without any right to maintain "A" zoning of respondents' property.

To respondents' complaint the defendant city filed a motion for more definite statement which was granted by the trial court and respondents' amended complaint was filed March 25, 1960. On May 9, 1960, the defendant city filed its answer to the amended complaint setting up ten defenses.

On May 5, 1960, appellants filed their motion to intervene as defendants and concurrently filed their answer to said amended complaint. Pursuant to permission of the trial court appellants on May 12, 1960, filed an amended motion to intervene wherein it is alleged that appellants each own real property which is either adjoining or adjacent to respondents' property which is the subject in controversy in this action; that appellants' property will be damaged if respondents are granted the relief prayed for; that appellants will be further damaged by reason of the precedent set if the prayer of respondents' complaint is granted; that appellants have a defense to respondents' claim presenting both questions of law and fact which are common to the main action.

Respondents' only objection to appellants' motion to intervene is "that said motion does not state any grounds for intervention provided for in rule 24(b) of the Rules of Civil Procedure."

The trial court entered an order denying appellants' motion to intervene and this appeal is from said order.

The trial court held that appellants did not have sufficient interest in the issues framed to justify their intervention; that to permit appellants to intervene would in effect invite unlimited numbers of residents and property owners of the city to seek intervention in this action; that to permit appellants to intervene would add nothing to the protection of their claimed rights for the reason that the defendant city is obligated to, and by its answer has, invoked all of the defenses to which any and all of its residents are entitled; that to permit such intervention would unnecessarily and unreasonably delay the trial of the issues between the original parties to the cause.

The only question presented is whether the trial court erred in denying appellants the right to intervene in this action.

Rule 24(a) of Idaho Rules of Civil Procedure specifies the conditions that must exist in order to entitle an applicant to intervene as a matter of right. Appellants do not contend that they are entitled to be classed as coming within any of the three subdivisions of that rule.

The pertinent portion of rule 24(b) I.R. C.P. is as follows:

"Permissive intervention.—Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * *"

Appellants contend that they have sufficient interest in the issues framed in the main action to justify their intervention under subdivision (2) of said rule 24(b).

■ This Court has consistently adhered to the view that the statutes providing for intervention should be given a liberal construction. State ex rel. McKelvey v. Barnes, 55 Idaho 578, 45 P.2d 293; Kerley v. Wetherell, 61 Idaho 31, 96 P.2d 503. It is true that the Court in the last cited cases did not have under consideration a statute containing language identical to that used in rule 24(b); nevertheless, we are of the view that the same rule of liberal construction should be applied. The Federal rule governing permissive intervention is identical to said rule 24(b) and in the case of Western States Mach. Co. v. S. S. Hepworth Co., D.C., 2 F.R.D. 145, 146, the Court said:

"This Rule as well as all the other Rules of the Federal Rules of Civil Procedure should be construed with great liberality as they were intended to shorten trials, avoid technicalities and promote the administration of justice."

■ Under the language of said subdivision (2) there is no requirement that the intervener shall have a direct or personal pecuniary interest in the subject of the litigation. Securities & Exchange Commission v. United States Realty & Imp. Co., 310 U.S. 434, 60 S.Ct. 1044, 84 L.Ed. 1293; North Poudre Irr. Co. v. Hinderlider, 112 Colo. 467, 150 P.2d 304.

Prior to the adoption of rule 24(b) the right to intervene was governed by I.C. § 5–322 which provides:

"Intervention.—Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. * * *"

This Court in construing said § 5–322 has consistently held that "the interest mentioned in the statute which entitled a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment". People ex rel. Glidden v. Green, 1 Idaho 235; Pittock v. Buck, 15 Idaho 47, 96 P.2d 212.

■ The motion here involved contains more than a mere denial of respondents' right to the relief prayed for and while considering appellants' said motion it should be assumed that the pertinent factual allegations contained therein are true. Among such allegations appellants allege that their property, which is either adjoining or adjacent to the property in controversy, will be damaged if respondents succeed in the main action; that by reason of the proximity of appellants' property to the property in controversy appellants' interest in the result of the main action is substan-

tially different from the interest of the defendant city as a whole.

In the instant case we feel that the nature of the main action is of significant importance in considering a motion for permissive intervention. Notwithstanding the fact that the legislature has conferred upon cities and villages the power to enact zoning regulations, it has prescribed a method of procedure which must be followed whereby parties in interest shall have an opportunity to be heard before such enactment. Where changes in such regulations are proposed and undertaken, such as are involved in this case, the right to, and the effect of, protest by adjacent property owners is recognized by I.C. § 50–405, to-wit:

"Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified, or repealed. In cases, however, of a protest against such change signed by the owners of twenty per cent or more either of the area of the lots included in such proposed change, or of those immediately adjacent in the rear thereof extending three hundred feet from the street frontage of such opposite lots, such amendment shall not become effective except by the favorable vote of three-fourths of all members of the legislative body of such municipality. The provisions of the previous section relative to public hearings and official notice shall apply equally to all changes or amendments."

The legislature intended that in the process of enacting or amending zoning regulations the views of owners of property adjacent to the subject property should be heard and considered.

We are of the view that appellants' defense and the main action have a question of law in common and that appellants have sufficient interest in the matter in litigation to entitle them to intervene.

Since the motion here under consideration, together with appellants' answer, was filed prior to the filing of defendant city's answer to the amended complaint, the motion was timely and we feel that there is no merit to the finding that to permit the intervention would unnecessarily and unreaonably delay the trial of the issues between the original parties.

The order denying the intervention and striking appellants' answer is hereby reversed and the cause is remanded to the trial court for further proceedings pursuant to the views herein expressed. Costs to appellants.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.