275 A.2d 646.

ERIC HASSELL *et ux. vs.* ZONING BOARD OF REVIEW OF THE CITY OF EAST PROVIDENCE.

MARCH 31, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. On June 23, 1969, the East Providence Zoning Board denied the application of Eric and Doris Hassell for a variance to extend a nonconforming use on a tract of land located on Wampanoag Trail in that city. Seasonably thereafter, and in accordance with G. L. 1956, §45-24-20, the then controlling statute, the Hassells filed a petition for a statutory writ of certiorari in this court.

Before that petition could be heard, P. L. 1969, chap. 239, sec. 48, which amended §45-24-20, took effect. Because that amendment substituted the Superior Court for this court as the tribunal which has original appellate jurisdiction in zoning matters, we directed the parties to show cause why the case should not be remanded to that court. No cause was shown and the matter was remanded, *Hassell* v. *Zoning Board of Review*, 106 R. I. 818, 257 A.2d 790. The case was then heard in the Superior Court where a judgment was entered reversing the Board's decision and granting the Hassells the relief they sought. Thereupon the members of the Zoning Board, acting in their official capacities, filed a motion in this court asking for leave to file a petition for the prerogative writ of certiorari. In a memorandum in opposition the Hassells asserted that the Zoning Board was not aggrieved by the Superior Court judgment, and that it therefore had no standing. Because the issue thus raised was one of first impression in this jurisdiction we granted the Board leave to file and the writ issued, *Zoning Board of Review* v. *Hassell*, 106 R. I. 832, 260 A.2d 725.

The threshold and, in the view we take of the case, the decisive question is whether a zoning board has any legal standing to ask this court to issue its prerogative writ of certiorari to review a Superior Court judgment reversing a decision of that board.

While the controlling statute (P. L. 1969, chap. 239, sec. 48) gives the Superior Court original appellate jurisdiction in zoning matters, its judgments in those matters are not appealable as of right and may only be reviewed in this court by use of the prerogative writ of certiorari. *Bassi* v. *Zoning Board of Review*, 107 R. I. 702, 271 A.2d 210. This is a discretionary writ which will not issue unless the applicant has been aggrieved by the judgment to be reviewed. *Board of Police Comm'rs* v. *Reynolds*, 86 R. I.

172, 177, 133 A.2d 737, 741; *Champlin* v. *Probate Court*, 37 R. I. 349, 92 A. 982, either personally or in an official capacity as a representative of the public. *Bowles* v. *Dannin*, 62 R. I. 36, 39, 2 A.2d 892, 894.

Aggrievement in the personal sense requires "* * * an actual and practical, as distinguished from a mere theoretical, interest in the controversy," *Hall* v. *Burgess*, 40 R. I. 314, 319, 100 A. 1013, 1015, and it results when the judgment whose review is sought adversely affects in a substantial manner a personal or property right of the applicant or imposes upon him some burden or obligation. *Buffi* v. *Ferri*, 106 R. I. 349, 259 A.2d 847; *New England Telephone and Telegraph Co.* v. *Fascio*, 105 R. I. 711, 717-19, 254 A.2d 758, 761-62; *Tillinghast* v. *Brown University*, 24 R. I. 179, 52 A. 891. Obviously the Zoning Board here was not injuriously or adversely affected when the Superior Court viewed the Hassells' application for a variance differently from the way it had, and it cannot, therefore, claim that it was aggrieved in the personal sense by the judgment which reversed its decision.

It has been argued, however, that the issues in this case transcend the interests of the parties involved, and that the public, as well as the parties, has a very real and legitimate interest in preserving and maintaining the integrity of the zoning regulations. While we do not question either the reality or the legitimacy of that interest it does not follow that a zoning board should be its protector and guardian.

Basically and fundamentally a zoning board is an administrative body whose duties are quasi-judicial. *Zimarino* v. *Zoning Board of Review*, 95 R. I. 383, 387, 187 A.2d 259, 261; *Colagiovanni* v. *Zoning Board of Review*, 90 R. I. 329, 335, 158 A.2d 158, 162; *Barbara Realty Co.* v. *Zoning Board of Review*, 87 R. I. 100, 107, 138 A.2d 818, 823. It is wholly a statutory creature which has been assigned a definite,

but limited, role in the administration of the zoning laws, and it is without powers, rights, duties or responsibilities save for those conferred upon it by the Legislature. *Reynolds* v. *Zoning Board of Review*, 96 R. I. 340, 343, 191 A.2d 350, 352-53; *Noonan* v. *Zoning Board of Review*, 90 R. I. 466, 470, 159 A.2d 606, 608.

Specifically the duties assigned to a zoning board are to hear and determine appeals from decisions of administrative officials charged with the enforcement of zoning legislation, and, in addition to pass on applications for special exceptions or variances. *Olean* v. *Zoning Board of Review*, 101 R. I. 50, 220 A.2d 177; §§45-24-13 and 45-24-19. These are its only responsibilities. It has no others for the limits on its authority have been circumscribed as well as proscribed by the Legislature. Neither directly nor by implication is the obligation to act as a representative of the public interest included within those limits. This does not mean that the Legislature in setting an overall scheme for the administration of the zoning law neglected that interest. Indeed, the contrary is true. Sections 45-24-6 and 45-24-7 specifically assign that responsibility to the local legislature, and designate a city or town solicitor as the person who, by appropriate suit brought in the name of the municipality, may invoke the aid of this or of the Superior Court, within their respective jurisdiction, for the purpose either of restraining violations or of compelling compliance with the provisions of the enabling legislation or of any ordinance enacted pursuant thereto. *Mauran* v. *Zoning Board of Review*, 104 R. I. 604, 247 A.2d 853; *Town of Lincoln* v. *Cournoyer*, 95 R. I. 280, 286-88, 186 A.2d 728, 731-32.

While the authorities generally are divided on the standing of a zoning board to challenge a judicial decision re-

versing one of its rulings,[1] in this state a zoning board is not a partisan and "[i]t has no interest, personal or official, in the matters which come before it other than to decide them according to the law and the proved fact \* \* \*." *Board of Zoning Appeals* v. *McKinney*, 174 Md. 551, 561, 199 A. 540, 544. If there is to be a challenge to the overruling judicial determination it must originate either with a person aggrieved because the use of his property will be adversely affected by the decision granting relief from the terms of the ordinance, *Flynn* v. *Zoning Board of Review*, 77 R. I. 118, 122, 73 A.2d 808, 810; or with a city or town solicitor acting on behalf of the public in order to protect its interest in the preservation and maintenance of a proper and adequate zoning system.

For the reasons indicated we do not reach the merits; the petition for certiorari is denied and dismissed; the writ heretofore issued appearing to have been improvidently issued is quashed; and the records certified are ordered returned to the Superior Court with our decision endorsed thereon.

*Swan, Keeney & Jenckes, Henry M. Swan,* for plaintiffs-respondents.

*Joseph T. Little,* Assistant City Solicitor, *John L. Sousa,* Assistant City Solicitor, for defendant-petitioner.

---

[1]Decisions denying standing. *State ex rel. Bringhurst* v. *Zoning Board of Appeal and Adjustment,* 198 La. 758, 4 So.2d 820; *Board of Zoning Appeals* v. *McKinney,* 174 Md. 551, 199 A. 540; *A. DiCillo & Sons* v. *Chester Zoning Board of Appeals,* 158 Ohio St. 302, 109 N.E.2d 8; *Appeal of Board of Adjustment, Lansdowne Borough,* 313 Pa. 523, 170 A. 867. There are decisions to the contrary, some of which are distinguishable because they arise under statutory provisions differing from those which control in this state. *Rommell* v. *Walsh,* 127 Conn. 16, 15 A.2d 6; *Zoning Board of Adjustment* v. *Dragon Run Terrace, Inc.* (Del.) 216 A.2d 146; *Cunningham r. Leimkuehler,* (Mo. App.) 276 S.W.2d 633; *Board of Adjustment* v. *Stovall,* 147 Texas 366, 216 S.W.2d 171.