279 A.2d 405.

ANTHONY CARAN *et al. vs.* ALVARO FREDA *et al.*

JULY 21, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. We have issued certiorari so that we may consider an issue of considerable interest to the bench, bar and public of this state. It arises from the enactment of P. L. 1969, chap. 239, sec. 48, which substituted the Superior Court for this court as the tribunal having the original jurisdiction to review zoning board decisions. Formerly, an appeal from a zoning board's decision was to this court by way of a statutory petition for certiorari. After the 1969 amendment became effective, the appellate jurisdiction of the Superior Court was to be invoked by the filing of a complaint in that court.

The records certified to us disclose that on May 13, 1970, the Cumberland Zoning Board of Review conducted a public hearing on an application for a variance or an exception which would authorize the construction of a .moderately-sized shopping center. Several of the owners of real estate abutting the proposed shopping-center site hired an attorney. He appeared at the hearing, entered his appearance

for his clients and voiced their objections to the grant of of the pending application. At the conclusion of the hearing, the board took no action on the application but deferred its decision to a later date. On August 5, 1970, the board filed its decision denying the application.

The applicants took a timely appeal from the zoning board's denial by filing their complaint in the Superior Court. A copy of the complaint was served upon the Cumberland town solicitor. The applicants did not send a copy of the complaint to the attorney who had represented the protestants at the zoning board hearing.

Subsequently, the protestants filed a motion to dismiss the appeal because of applicants' failure to comply with the provisions of Super. R. Civ. P. 80(b). In essence, Rule 80(b) states that whenever review of any administrative action is sought, the time in which review may be sought shall be as provided by law and a copy of the complaint shall be served upon the appropriate governmental agency or office and upon *all other parties to the proceeding to be reviewed*. The trial justice denied the protestants' motion to dismiss and they filed this petition for certiorari.

The protestants stress that they were parties to the proceeding before the zoning board and as such, they should have received a copy of the complaint filed in the Superior Court. The applicants, however, refer us to *M. & L. Die & Tool Co.* v. *Board of Review*, 76 R. I. 417, 71 A.2d 511, where we said that a party who receives a favorable decision from a zoning board is not a person who has been "aggrieved" by the board's decision and may not appear as a *matter of right* in any certiorari proceeding before us when we were reviewing the board's action. The applicants then contend that since the protestants prevailed before the zoning board, they are not aggrieved parties and the rule, when it speaks of "parties," really means "aggrieved parties."

The applicants have failed to put the *M. & L. Die & Tool Co.* case in a true perspective. It was decided many years prior to the adoption of the Superior Court's Rules of Civil Procedure. The question presented then was whether the successful protestants before the Newport Zoning Board would be permitted to file a brief and argue their cause before us. We recognized that procedural rules involving zoning cases should be liberally construed when we said:

> "This court has indicated that an owner of land who may be specially affected by a change in zoning regulations *should ordinarily* have an opportunity in the interest of justice to be heard not only before the board but elsewhere if necessary. On this point a liberal practice in this jurisdiction has generally been followed." (Emphasis ours.) *Id.* at 421, 71 A.2d at 513.

It should be remembered, however, that when Rule 80 was promulgated, zoning appeals were heard in the Supreme rather than the Superior Court. Rule 80 is designed to provide a uniform appellate procedure in the Superior Court for judicial review of administrative action whether the review is instituted pursuant to the Administrative Procedures Act, or any other statute applicable to specific agencies and is patterned after similar provisions found in the Maine Rules of Civil Procedure. 1 Kent, *R. I. Civ. Prac.* at 545.

Although the Administrative Procedures Act, chap. 35 of title 42, relates only to state agencies and not municipal zoning boards, it is helpful in determining the question pending before us in this cause. Section 42-35-15(b) in speaking of judicial review says that such an action shall be instituted by filing a complaint in the Superior Court for Providence County with copies of the complaint to be served upon the agency and "all other parties of record." The Maine Rule (*Me. Civ. Prac.* 80B) specifies that written notice of the claim of review and a copy of the com-

plaint shall be given to the opposite party. The term "opposite party" apparently includes any private individual who appeared before the administrative agency as an adversary of the appellant. Field & McKusick, *Me. Civ. Prac.* §80 B.4 at 605.

We believe that petitioners are in the language of Rule 80(b) "other parties to the proceeding" and consequently their attorney should have been furnished with a copy of the applicants' complaint. The rule contemplates that the copy will serve as a notice to all adversary parties at the administrative hearing that an appeal has been taken. In order to benefit from the rule, we deem it necessary that the record of the zoning board show that the individuals who appeared at the zoning hearing are there as adversaries of the appellants. In other words, a person who appears at a zoning board hearing merely to indicate that he has no objection to the proposed zoning change is not entitled to the notice set forth in the rule. *Ray v. Luckett*, (Ky.) 332 S.W.2d 848. The applicants' failure to supply petitioners with a copy of the complaint is not fatal to their appeal.

The petitioners' motion to dismiss applicants' appeal was based upon the applicants' failure to comply with Rule 80(b) and as such it was a matter addressed to the sound discretion of the trial justice. While the trial justice's denial of petitioners' motion was based on his concept that petitioners were not entitled to a copy of the complaint, we will not fault his ultimate conclusion. The issue raised in this proceeding is novel. The legislative transfer of zoning appeals has created considerable doubt and uncertainty as to just how and where the 1969 amendment fitted in with the Superior Court Rules. In such circumstances we believe that the applicants' lack of compliance with Rule 80(b) was excusable and the drastic sanction of dismissal was uncalled for. 5 Moore, *Federal Practice* §41.12 at 1139.

Upon remand of this cause to the Superior Court, petitioners should be permitted to intervene as party defendants in the applicants' appeal because of the following pertinent provisions of Super. R. Civ. P. 24(a):

"(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

The proximity of petitioners' property to the shopping center gives them an interest in the pending appeal that is different from that of the Cumberland Zoning Board. In Rhode Island, a zoning board is not obliged to act as a representative of the public interest. Its only responsibilities are to hear appeals from the decisions of administrative officers charged with the enforcement of a municipal zoning act and to pass on applications made to it for a special exception or variance. *Hassell* v. *Zoning Board of Review*, 108 R. I. 349, 275 A.2d 646. Accordingly, we ruled in *Hassell* that a zoning board had no standing to ask this court to review a judgment entered in the Superior Court overturning the board's denial of an application for a variance. Here, petitioners, as abutting property owners, have a special interest in the pending appeal. If the right of appeal is lost to the board, it is conceivable that petitioners would be confronted with a threat of loss in the value and the enjoyment of their property. This potential threat gives petitioners the right to invoke the mandatory provisions of Rule 24(a).

In *Wolpe* v. *Poretsky*, 144 F.2d 505 (D. C. Cir. 1944), the Court said:

"Adjoining property owners in a suit to vacate a zoning order have such a vital interest in the result of that suit that they should be granted permission to inter-

vene as a matter of course unless compelling reasons against such intervention are shown." *Id.* at 508.

Similar views have been expressed by other courts. *Roosevelt* v. *Beau Monde Co.,* 152 Colo. 567, 384 P.2d 96; *Greenwich Gas Co.* v. *Tuthill,* 113 Conn. 684, 155 A. 50; *Herzog* v. *City of Pocatello,* 82 Idaho 505, 356 P.2d 54; *Oakton-Crawford Corp.* v. *Village of Skokie,* 28 Ill.App.2d 507, 171 N.E.2d 814; *Moyer* v. *Board of County Comm'rs,* 197 Kan. 23, 415 P.2d 261; *Esso Standard Oil Co.* v. *Taylor,* 399 Pa. 324, 159 A.2d 692.

While some doubt may be expressed as to the necessity for persons, such as the petitioners, to file a motion to intervene, we believe that such a procedure will insure an expeditious disposal in the Superior Court of a zoning board appeal. It may be that of the numerous protestants whose presence was noted on the board's record, few, if any, may wish to participate at the Superior Court level. By having the willing protestants go through the formality of asking the court's approval of their intervention, the trial justice and counsel for the appellants will know with certainty what parties are to receive notices of any motions filed in the case.

The petition for certiorari is denied and dismissed; the writ heretofore issued is quashed, and the records certified are returned to the Superior Court with our decision endorsed thereon.

*Francis R. Foley,* for petitioners.

*Lavine & Sutherland, Pamela Macktaz* of counsel, for individual respondents; *Thomas J. Grady,* Town Solicitor of Cumberland, for Zoning Board of Review.