The MARTEG CORPORATION et al.

v.

ZONING BOARD OF REVIEW OF the CITY OF WARWICK.

No. 80–41–Appeal.

Supreme Court of Rhode Island.

Feb. 27, 1981.

Hinckley, Allen, Salisbury & Parsons, Paul V. Curcio, Letts, Quinn & Licht, Joseph DeAngelis, Providence, for New England Institute of Technology, appellees.

Revens & DeLuca, Sandra A. Blanding, Warwick, for protestants.

## OPINION

KELLEHER, Justice.

This is an appeal from a judgment entered in the Superior Court denying the appellants' motion to intervene in an appeal taken to the Superior Court by a property owner and its lessee because the Warwick Zoning Board had revoked a previously issued building permit. The property owner is Marteg Corporation (Marteg), who sometime prior to July 3, 1979, entered into an agreement with New England Institute of Technology (New England), agreeing to construct a school building and an adjoining parking area on Marteg's Post Road lot and then to lease the premises to New England for ten years. New England is a duly licensed educational institution that offers an associate's degree in the areas of mechanical drawing, electronics, and computers. Its faculty also assists the student who may wish to become a technician such as an electrician, plumber, or a refrigeration repairperson. The revocation had been based on the board's finding that the application for the permit was defective because it was made only in the name of the lessee and that New England did not fit within either category of the two pertinent permitted uses, to wit, a "private school" or a "college."

The issuance of the permit had been protested before the board by a group of individuals whose property either abutted or was close to the proposed school site. While the protestants were before the board, they were represented by counsel. When Marteg and New England instituted the Superior Court appeal, New England's attorney notified the protestants' counsel of the pendency of the appeal. At that time the

protestants' counsel informed his caller that he was unsure whether his clients were desirous of intervening. Subsequently, the protestants chose not to intervene, leaving it to the city to pull the laboring oar.

Later, in October 1979, a Superior Court judge sustained Marteg's appeal, vacated the revocation, and remanded the case to the board with a direction that it reinstate the building permit. An appropriate judgment was entered on November 5, 1979. Twenty-three days later, on November 28, the protestants, acting pursuant to the provisions of Rule 24(a) of the Superior Court Rules of Civil Procedure, filed a motion to intervene in the Superior Court proceeding and sought a stay of the reinstatement order. The trial justice denied this motion, and his denial is now the subject of this appeal.

In seeking to intervene, the protestants rely on certain observations made by this court in *Caran v. Freda*, 108 R.I. 748, 279 A.2d 405 (1971). In *Caran* we first noted that Super.R.Civ.P. 80(b) affords a uniform appellate procedure to be followed by those who seek a Superior Court review of an administrative appeal. We also said that when the rule states that notice of the pending appeal will be given by serving a "copy of the complaint" upon the agency and "all other parties to the proceeding to be reviewed," a copy of the complaint should be furnished to all adversary parties or their attorneys who have appeared at the administrative level and have taken an adverse position to that espoused by the appealing party.

■ Admittedly, the protestants' attorney was not furnished with a copy of Marteg's and New England's complaint, but this omission is not fatal. The protestants' attorney was aware of the appeal and no one denies the fact that the protestants clearly were aware of the pendency of the Superior Court appeal. Hence, the underlying purpose of the notice provision of Rule 80(b) was served. The protestants knew what was going on, but they decided to cast their lot with the zoning board. They had received all the pertinent information that would have been furnished by a reading of the complaint. On this record the protestants can gain no comfort from Rule 80(b). *U. S. Broadcasting Co. v. National Broadcasting Co.*, 439 F.Supp. 8 (D.Mass.1977); *Tyson v. Masten Lumber & Supply, Inc.*, 44 Md.App. 293, 408 A.2d 1051, 1056 (1979); *Town of Newport v. State*, 115 N.H. 506, 345 A.2d 402 (1975); *Howell v. Blue Cross and Blue Shield of Oklahoma*, Okla., 609 P.2d 1283, 1284 (1980).

■ The protestants sought intervention as a matter of right under Super.R. Civ.P. 24(a)(2).[1] To establish this right, the protestants were required (1) to file timely application for intervention, (2) to show an interest in the subject matter of that action in that the disposition of the action without intervention would as a practical matter impair or impede their ability to protect that interest, and (3) to establish that their interest was not adequately represented by the existing parties. The trial justice concluded that the protestants' attempt at intervention was untimely, and at no time did he discuss the other two factors. Since the rule itself is silent regarding what constitutes a timely application, it is well settled that the determination of timeliness is a matter committed to the sound discretion of the trial justice. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977); *McDonald v. E. J. Lavino Co.*, 430 F.2d 1065, 1071 (5th Cir. 1970); 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1916 at 572 (1972).[2]

---

1. Rule 24(a)(2) of Super.R.Civ.P. reads, "(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: * * * (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action * * *."

2. In construing the Superior Court rules, we have made it our practice to look for guidance in the precedents of the federal courts, upon whose rules those of the Superior Court are closely patterned. *Nocera v. Lembo*, 111 R.I. 17, 20, 298 A.2d 800, 803 (1973).

■ Timeliness of intervention is to be judged by two criteria: (1) the length of time during which the proposed intervenor has known about his interest in the suit without acting and (2) the harm or prejudice that results to the rights of other parties by delay. *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118 (5th Cir. 1970); 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1916 at 574–76. Of these two, the latter is the more important consideration. *Spring Construction Co. v. Harris*, 614 F.2d 374 (4th Cir. 1980); *McDonald v. E. J. Lavino Co.*, 430 F.2d at 1073; 7A Wright & Miller, *Federal Practice and Procedure: Civil* § 1916 at 575–76.

■ Intervention after final judgment, it has been said, is unusual and not often granted. *Township of Hanover v. Town of Morristown*, 121 N.J.Super. 536, 298 A.2d 89 (1972); 3B Moore, *Federal Practice* ¶ 24–13[1] at 526 (1980). One seeking to intervene after judgment has an especially heavy burden. *United States v. Associated Milk Producers, Inc.*, 534 F.2d 113 (8th Cir. 1976), *cert. denied*, 429 U.S. 940, 97 S.Ct. 355, 50 L.Ed.2d 309 (1976). The rationale underlying this reluctance is the assumption that allowing intervention after judgment will either (1) prejudice the rights of the existing parties to the litigation or (2) substantially interfere with the orderly processes of the court. *McDonald v. E. J. Lavino Co.*, 430 F.2d at 1073.

■ Here, the protestants had ample opportunity to intervene in the Superior Court action. They knew of that action and could have become a party to it. Instead, as conceded by their counsel in the intervention motion, the protestants decided to stay in the background and to supply "to the zoning board * * * whatever assistance they could in the defense" of the revocation. The interest of expeditious administration of justice is not served by permitting the protestants to reopen the matter. *See Westward Coach Manufacturing Co. v. Ford Motor Co.*, 388 F.2d 627, 635 (7th Cir. 1968); *Firebird Society of New Haven, Inc. v. New Haven Board of Fire Commissioners*, 66 F.R.D. 457, 465 (D.Conn.1975).

Of greater importance is the prejudice that will result to Marteg and New England should intervention be allowed. The school is under construction, and there is a lease agreement entered into between Marteg and New England to have the building completed by a certain date. There is also the problem of potential delay for the incoming students. In brief, the relief to which both Marteg and New England are entitled would be withheld simply because of the protestants' wait-and-see attitude. *See Nevilles v. Equal Employment Opportunity Comm'n*, 511 F.2d 303, 306 (8th Cir. 1975); *Firebird Society of New Haven, Inc. v. New Haven Board of Fire Commissioners*, 66 F.R.D. 457 (D.Conn.1975).

■ The protestants refer us to an exception to the rule that courts are reluctant to permit postjudgment intervention. Intervention may be allowed after a final decree when it is necessary to preserve some right that *cannot otherwise be protected. United Airlines, Inc. v. McDonald*, 432 U.S. 385, 392, 97 S.Ct. 2464, 2468–69, 53 L.Ed.2d 423, 431 (1977). This occurs when the would-be intervenor does not learn until after judgment that a right to appeal will not be exercised. The failure by the existing party to take an appeal, *when entitled to do so*, has been considered as an indication that the would-be intervenor's interest is not being adequately represented. In *Wolpe v. Poretsky*, 144 F.2d 505 (D.C.Cir. 1944), the zoning board had a right to appeal a judgment but did not exercise this right. The affected property owners were allowed to intervene postjudgment because it did not become apparent *until after the judgment* that their interest was inadequately represented.

Here, the protestants' situation is distinguishable. They knew, or should have known, that a zoning board has no legal standing to seek review of an adverse Superior Court judgment in this court. *Apostolou v. Genovesi*, R.I., 388 A.2d 821 (1978); *Town of East Greenwich v. Day*, R.I., 375 A.2d 953 (1977); *Hassell v. Zoning Board of Review of East Providence*, 108 R.I. 349, 275 A.2d 646 (1971). Therefore, the protes-

tants cannot claim that their interests are being inadequately represented since this "inadequate representation" was caused by the conscious choice they made when they decided not to intervene.

The protestants' appeal is denied, and the judgment of the Superior Court is affirmed.