DECISION
Before this Court is a motion to intervene by E. Paul Sorenson in an action by Frank Scotti against the City of Providence, the Providence City Plan Commission ("CPC"), and the Providence Historic District Commission ("HDC"). Scotti seeks, inter alia, a declaratory judgment that the CPC and the HDC overstepped their authority in their treatment of his application to subdivide his property. Sorenson, the owner of abutting property, filed this motion to intervene. *Page 2 
 I Facts and Travel
Scotti is the owner of property located at 5 Cooke Street in the College Hill Historic District of Providence. In June 2004, Scotti filed an application with the CPC to subdivide the 12,708 square-foot property into two lots of roughly equal size. In September 2004, Scotti filed a separate application with the HDC, which regulates building alterations in Providence's historic districts, seeking approval to remove a side deck and foundation from the single-family home on the property and to construct a new side addition.
The HDC conducted four public hearings on Scotti's application between September and December of 2004. At each of the hearings, neighbors of the property expressed concerns that allowing the alterations would reduce the footprint of the building, thereby allowing Scotti to meet the CPC's requirements for subdivision approval. The HDC's legal counsel and the Chair of the HDC responded at these hearings that the HDC is a design review board without jurisdiction over whether Scotti could subdivide the property. On May 2, 2005, the HDC passed a resolution approving the application, authorizing Scotti to receive a "certificate of appropriateness" — i.e. the necessary documentation — to perform the work. See Plaintiff's Exhibit H. According to Scotti, thereafter he completed the renovations.
The CPC staff, on January 17, 2006, recommended approving Scotti's subdivision application. See Plaintiff's Exhibit G.[1] However, before voting on the application, the CPC requested the HDC to assess the historical preservation consequences of allowing *Page 3 
the subdivision. See Plaintiff's Exhibit M. Although the HDC had stated previously that it lacked authority over subdivision matters, the HDC found that it had authority to respond to the CPC's request. On February 28, 2006, after a public meeting the previous day, the HDC issued a resolution which expressly declined to issue a certificate of appropriateness for subdivision of the property. See Plaintiff's Exhibit P. In response to the HDC's decision, the CPC staff reversed itself, recommending denial of Scotti's subdivision application. See Plaintiff's Exhibit Q. The CPC has not issued a formal decision on Scotti's subdivision application.
Scotti appealed the HDC's decision to the Providence Zoning Board of Review ("Zoning Board") on March 20, 2006. See Defendants' Exhibit 10. He filed this complaint against the City, the HDC, and the CPC (collectively the "City") on July 10, 2006. Scotti alleges multiple constitutional violations as well as violations of the Rhode Island Open Meetings Act for alleged off-the-record conversations held at the HDC meeting on February 27, 2006. See G.L. 1956 § 42-26-1. The complaint seeks compensatory damages, injunctive relief, and a declaratory judgment stating, inter alia, that the HDC exceeded its authority by ruling on Scotti's subdivision application. Scotti's attorneys have advised the Zoning Board to hold off on hearing the appeal until this Court has ruled. See Defendants' Exhibit 11.
Before the City had answered Scotti's complaint, E. Paul Sorenson, the owner of property abutting Scotti's property, filed a motion to intervene under Rule 24(a)(2) of the Rhode Island Superior Court Rules of Civil Procedure. Sorenson seeks to prevent subdivision of Scotti's property and to defend the City's treatment of Scotti's subdivision application. The motion justice, hearing the motion on August 17, 2006, denied *Page 4 
Sorenson's motion without prejudice, finding that it would be best addressed at a later juncture. See Transcript ("Tr."), August 17, 2006 at 11-12.[2] Defendants have answered and moved for summary judgment. Scotti has filed a cross-motion for partial summary judgment, requesting a declaratory judgment on the legal issues raised by his claim and a mandatory injunction requiring the CPC to act on his application without requiring a certificate of appropriateness from the HDC. Sorenson has renewed his motion to intervene.
 II Standard of Review
Rule 24(a)(2) of the Rhode Island Superior Court Rules of Civil Procedure governs the right of parties to intervene in Superior Court actions.[3] The Rhode Island Supreme Court recently restated the requirements of this rule in Tonetti Enters., LLC v. Mendon Rd. LeasingCorp., No. 2006-195-Appeal, 2008 R.I. LEXIS 32 (R.I., filed Mar. 28, 2008). An applicant for intervention has a right to intervene under Rule 24(a)(2):
 "if the applicant [1] files a timely application . . ., [2] the applicant claims an interest relating to the property or transaction which is the subject matter of the action, [3] the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, and [4] the applicant's interest is not adequately represented by current parties to the action. . . ." Tonetti, 2008 R.I. LEXIS 32, at *23. *Page 5 
When these four criteria are met, then the applicant "`shall be permitted to intervene.'" Id. (quoting Rule 24(a)(2)); see also MartegCorp. v. Zoning Board Review of Warwick, 425 A.2d 1240, 1242 (R.I. 1981) (setting out a similar test for intervention under Rule 24(a)(2)). Furthermore, Rule 24(a)(2) was amended in 1995, bringing it into alignment with its federal counterpart. See Credit Union Central Fallsv. Groff, 871 A.2d 364, 366-67 (R.I. 2005). In construing the rule, this Court "may properly look to the federal courts for guidance."Id. (citing Kirios v. Arsenault, 632 A.2d 15, 16-17 (R.I. 1993)).
 III Analysis
Sorenson's motion to intervene is timely; it was filed immediately after Scotti filed his complaint. See Marteg Corp., 425 A.2d at 1242
("timeliness is a matter committed to the sound discretion of the trial justice"). As to the other elements of the test in Tonetti, Sorenson's status as an abutting landowner gives him a right to intervene in this action.[4]
Beginning with the requirement that an applicant have an interest that relates to the litigation, courts have found that the interest must be one that is "`significantly protectable.'" Tonetti, 2008 R.I. LEXIS 32, at *25 (quoting Donaldson v. United States, 400 U.S. 517, 531,91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)). The interest must be "`direct, not contingent'" and it must have a "`sufficiently close relationship to the dispute between the original litigants.'" Id. (quoting Conservation LawFound. of New Engl., Inc. v. Mosbacher, 966 F.2d 39, 42 (1st Cir. 1992)). *Page 6 
The First Circuit has acknowledged that "no bright line of demarcation exists" to determine when an interest is significantly protectable.Conservation Law Found., 966 F.2d at 41. However, in the instant matter, the Court finds it significant that Sorenson's property rights are at stake. In Credit Union Central Falls, the Rhode Island Supreme Court observed: "`Interests in property are the most elementary type of right that Rule 24(a) is designed to protect, and many of the cases in which a sufficient interest has been found under amended Rule 24(a)(2) have been cases in which there is a readily identifiable interest in land, funds or some other form of property.'" Credit Union Cent. Falls,871 A.2d at 367 (quoting 7C Charles A. Wright et al., Federal Practice andProcedure § 1908 at 272-75 (1986)) (internal citation, quotations, and emphasis omitted).
The central issue in this dispute is the authority of the HDC to assist in decision-making on subdivision applications.[5] Although this is a declaratory judgment action calling for a legal interpretation, Sorenson has property interests that stand to be affected. See, e.g., Conservation Law Found., 966 F.2d at 43 (commercial fishing groups had sufficient interest to intervene in action by environmental groups challenging regulation of fisheries). A decision in Scotti's favor would increase the chances of approval of Scotti's subdivision application. This impact is not speculative; indeed, Scotti has brought this action in the reasonable belief that it will aid him in gaining approval of his application. Although Scotti would be the property owner most immediately affected if *Page 7 
the subdivision application is approved, subdivision of Scotti's property would affect the character of Sorenson's property and possibly the value.
Scotti argues that Sorenson's interest in this matter is no greater than the interest of other property owners in the College Hill Historic District, who also could be affected by an interpretation of the HDC's authority to regulate subdivisions. The Rhode Island Supreme Court, however, has recognized the unique right of abutting landowners to intervene in appeals from zoning board decisions, finding that such landowners face the "potential threat" of "loss in the value and the enjoyment of their property." Caran v. Freda, 108 R.I. 748, 753,279 A.2d 405, 408 (1971); see also Coventry v. Hickory Ridge Campground,Inc., 111 R.I. 716, 723, 306 A.2d 824, 828 (1973) (outcome of zoning dispute threatened abutting property owners "with the special injury of economic loss"); Marteg Corp., 425 A.2d at 1243 (abutting property owners likely could have intervened in zoning board appeal if intervention had been timely). In the instant matter, for the same reasons, the Court finds that Scotti's interest in this litigation is sufficient.
It has already been observed that this action will have a practical effect on Sorenson's ability to prevent subdivision of Scotti's property. Sorenson's ability to protect his property interests therefore will be impaired or impeded if he is not permitted to intervene.See 7C Charles A. Wright et al., Federal Practice and Procedure § 1908.2 at 369 (2007) ("The rule is satisfied whenever disposition of the present action would put the movant at a practical disadvantage in protecting its interest."); see also Credit Union Central Falls,871 A.2d at 367-68 (action by former client against attorney for recovery of client funds would "impair or impede" ability of another former client to secure funds from same client trust account). *Page 8 
The remaining question is whether the City can adequately represent Sorenson's interests. An applicant for intervention only has a "`minimal'" burden to demonstrate a lack of adequate representation.Credit Union Central Falls, 871 A.2d at 368 (quoting Trbovich v. UnitedMine Workers of America, 404 U.S. 528, 538 n. 10, 30 L. Ed. 2d 686,92 S. Ct. 630 (1972)). In the case at bar, the Rhode Island Supreme Court's ruling in Caran is instructive. In Caran, the Court permitted abutting property owners to intervene in an appeal of a zoning board decision denying a variance to build a shopping center. Caran, 108 R.I. at 753,279 A.2d at 408. The Court based its decision partly on the fact that zoning boards and abutting landowners have different interests. Seeid. Whereas abutting landowners seek to protect their property interests, zoning boards are concerned with their enforcement responsibilities. See id.
A similar analysis applies in the instant case. Sorenson and the City do not have identical interests. Sorenson, an abutting landowner, has a property interest at stake which the City — even if it can be regarded as a representative of the public interest — may not adequately represent. It is noteworthy that, when Scotti first applied to the HDC to conduct alterations to the home on his property, the HDC came to the conclusion that it lacked authority over subdivision matters. Whether or not the HDC actually changed its position as to its own authority, the Court cannot be certain that the City will litigate this action as vigorously as Sorenson desires. See Credit Union Central Falls,871 A.2d at 368 ("party must produce some tangible basis to support a claim of purported inadequacy" (internal citation and quotations omitted)).
The City has already filed a supporting memorandum along with its motion for summary judgment. Scotti has filed a cross-motion for partial summary judgment. Should *Page 9 
this matter be resolved at the summary judgment stage, there may be little need for more action by the City. Nevertheless, of particular concern is protecting Sorenson's right to appeal a decision in Scotti's favor. In Caran, the Court held that it was necessary to permit neighboring landowners to intervene to protect their right to appeal to the Rhode Supreme Court, given that the landowners, but not the zoning board, would have standing to appeal. Caran, 108 R.I. at 753,279 A.2d at 408. Here, although the City would have the requisite standing, Sorenson and the City might not reach identical conclusions about whether to appeal an adverse decision.
Finally, Scotti contends that Sorenson should not be allowed to intervene because his motion was already denied. Scotti neglects that the motion was denied without prejudice. This argument is without merit. Accordingly, Sorenson's motion to intervene is granted.
 III Conclusion
This Court finds that Sorenson's appeal is timely, that he has the requisite interest in this matter to intervene, that his ability to protect his interests may be impeded or impaired if not permitted to intervene, and that the City may not adequately represent his interests. Sorenson's previous motion to intervene was denied without prejudice and so this Court may consider it anew. Sorenson's motion to intervene is granted.
Counsel shall submit the appropriate order for entry.
[1] The "Exhibit G" cited here was submitted along with the Plaintiff's complaint. The other exhibits cited refer to exhibits submitted by the parties along with their motions for summary judgment.
[2] In denying the motion, the motion justice stated: "[T]he question will be whether or not the HDC is able to represent [Sorenson's] interest and needs [Scotti's] help. I'm not sure it does, so I'll deny [the motion to intervene] without prejudice to your right to refile the motion." Tr. at 12-13.
[3] Rule 24(a) of the Rhode Island Superior Court Rules of Civil Procedure states:
 "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
[4] Sorenson has filed a motion to intervene under Rule 24(a)(2), which governs the right of parties to intervene in Superior Court actions. This Court does not consider whether Sorenson would be permitted to intervene under Rule 24(b), which sets out the requirements for permissive intervention.
[5] The HDC has the power to "regulate the construction, demolition, change in any exterior structure and/or appurtenance" in Providence's historic districts. See Prov. Zon. Ord., Art. V, § 501.3(A). In most circumstances, a property owner applies to the HDC for a "certificate of appropriateness" to perform the requested work. See Prov. Zon. Ord., Art. V, § 501.4 ("Before a property owner commences construction, alteration, repair, removal or demolition of any existing structure or its appurtenances within an historic district overlay zone, the owner must first apply for and receive a certificate of appropriateness from the HDC"). Scotti argues that the HDC does not have authority to assess the historic impact of subdivisions. He further argues that the HDC can only decide whether to issue a certificate of appropriateness at the request of property owners, making it improper for the HDC to do so at the CPC's request.