DECISION
David and Linda Gordon move this Court to intervene, pursuant to Superior Court Rule 24(a), in the zoning appeal, OSA, LP v.Elizabeth Minifie et al., NC-2007-0629. The Gordons intend to support the decision rendered by the City Newport Zoning Board of Review, but argue that the Board does not adequately represent their interests, as abutters to the property in question, in the pending appeal. After consideration of relevant precedent, this Court shall grant the Gordons' motion.
In Caran v. Freda, prospective intervenors in a zoning appeal ("the protestants") were abutting owners of a shopping center and opposed a variance sought by the center. 279 A.2d 405, 406 (R.I. 1971). The protestants hired an attorney to object to the variance application at a zoning board hearing, an application the board subsequently denied. Id. The shopping center appealed the board's decision to the Superior Court but the protestants sought to dismiss the case because they were not properly noticed as to the appeal. Id. at 407. This motion was denied and appealed to the Rhode Island Supreme Court. Id. *Page 2 
The Supreme Court held that because the protestants were active objectors before the zoning board and because they were abutting owners of the shopping center in question, they had "a special interest in the pending appeal." Id. at 408. In other words, they were "aggrieved parties." Id. at 407. Therefore, they should have been allowed to intervene pursuant to Rule 24(a).Id. at 408.
It is also noteworthy that the Court rejected the argument that the protestants had no right to intervene simply because their position had prevailed before the zoning board.Id. at 407. Particularly, the Court held, a zoning board has no right to appeal an unfavorable decision of the Superior Court. Id. at 409. This right would therefore be lost to the protestants if their motion to intervene had been denied.Id.
A subsequent case, Marteg Corp. v. Zoning Bd. of Review, enumerated the tests required of potential intervenors to zoning appeals. 425 A.2d 1240 (R.I. 1981). To establish the right to intervene under Rule 24(a), a prospective intervenor must: (1) file a timely application for intervention, (2) "show an interest in the subject matter of that action in that the disposition of the action without intervention would as a practical matter impair or impede their ability to protect that interest," and (3) "establish that their interest was not adequately represented by the existing parties." Id. at 1242. The protestants in Marteg, however, were not allowed to intervene, despite the fact that they were abutting owners to the property in question, because they did not so move until after a final judgment was rendered in the Superior Court. Id. at 1243. However, had they moved to intervene before that judgment was rendered, the Supreme Court indicated they could successfully have joined the action: "They knew of that action and could have become a party to it."Id.
Here, the Gordons have filed their application in a timely manner. A final judgment of *Page 3 
this Court has not been rendered, nor has the case been briefed. Secondly, they have demonstrated that they are an "aggrieved party" because they objected at the administrative level and are present on the list of abutters to the property in question. Thirdly, they can demonstrate that their interest is not adequately represented by the City of Newport Zoning Board of Review because of the Board's inability to appeal an unfavorable decision of this Court. Accordingly, the Gordon's motion to intervene is granted. Order to enter.