# PAINE v. COPPER BELLE MINING COMPANY OF ARIZONA.

## APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF ARIZONA.

No. 181. Submitted January 21, 1914.—Decided March 2, 1914.

The meaning of the arrangement between the parties having been matter for a finding and had the sanction of both courts below and the evidence not being reported, this court will not say that such finding was wrong.

13 Arizona, 406, affirmed.

THE facts are stated in the opinion.

*Mr. Walter Bennett* for appellant.

*Mr. John B. Wright* and *Mr. James F. Mack* for appellee.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the appellants upon a promissory note for $265,416.72 made by the appellee. The defence is want of consideration, and depends upon the question whether certain payments made by one Moneuse were made by way of loan or for the purchase of stock; the note having been issued as for a loan to the Company. The material facts are few. An earlier company, into the shoes of which the appellee has stepped, was in bankruptcy, and Moneuse, a stockholder, was suing certain others for the return to the Company of a large part of the stock. On June 4, 1903, a compromise was made, reciting as one ground that the Company owned mining claims which in the opinion of all the parties were of great value but which the Company was in great danger

of losing unless money was raised to work them. Moneuse agreed to 'provide and supply' enough money to 'pay off and discharge' the Company's debts and to work the Company's mines for not more than three years until they paid for working themselves. He was to get the Company out of bankruptcy and into possession of its property, subject to certain mortgages. The others were to get fifty per cent. of the authorized stock into the treasury and this amount, less what already was held by Moneuse, the Company was to issue and deliver to him 'in consideration of the advance by [him] of the moneys which are to be paid and advanced by him, as above provided for, and without further consideration whatsoever.' Moneuse also was to have control.

This agreement was carried out and the total disbursements of Moneuse were more than the amount of the note. Nine months after the compromise, a stockholder's meeting authorized a transfer of the Company's property to the appellee on the condition among others, that it should "assume and discharge the indebtedness of this Company to Elie J. Moneuse"; but on February 29, 1904, the characterization of the advance as a loan and the portion of the resolutions quoted were 'withdrawn and rescinded' at the suggestion and with the concurrence and vote of Moneuse. Afterwards on July 17, 1907, Moneuse being still in control of the Company, the note in suit was issued. The case was tried on behalf of intervening minority stockholders without a jury. The trial court found for the defendant, and the judgment was affirmed by the Supreme Court of the Territory. 13 Arizona, 406.

It cannot be said that the finding was wrong as matter of law. It is true that the agreement speaks of the money that was to be furnished by Moneuse as an 'advance' by him but it was an advance to pay off the Company's debts not merely to change the creditor. The clause that throws the clearest light upon the meaning is the recitation

that the Company's mining claims were of great value in the opinion of all the parties to the contract. That being so, it was natural that a stockholder who had the money should be willing to pay off certain debts (about $45,000), as a consideration for getting the greater part of the stock, and should be willing to work the mines for a time if he had the Company and the duration of the experiment under his control. It would seem to have been less natural for the other stockholders to part with the larger share in the rights they deemed so valuable simply as a bonus to induce Moneuse to take the former creditors' place and try his hand at the work. There are set forth in the statement some facts that we have not reproduced, because we think it unnecessary in view of the present position of the case. It is enough to say that in our opinion the appellants would not profit by a fuller consideration. The meaning of the arrangement, to which neither Company was a party, seems to have been matter for a finding. *Rankin* v. *Fidelity Insurance, Trust & Safe Deposit Co.*, 189 U. S. 242, 252, 253; *MacDonald* v. *Morrill*, 154 Massachusetts, 270, 272. The evidence is not reported, and the finding has the sanction of two courts. There is not enough before us to enable us to say that it was wrong.

*Judgment affirmed.*