DOMENIC CIMINO *vs.* GUISEPPINA CIMINO.

AUGUST 12, 1954.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is a bill in equity to enjoin the respondent Guiseppina Cimino, the complainant's mother, from conveying certain real estate to Richard, Augustine A., and Rinaldo L. Manocchia with whom she had entered into a written contract to sell it. The bill further prays that such real estate be impressed with a trust for the benefit of complainant.

After a hearing, the superior court denied and dismissed the bill but no decree was entered. Several months later the Manocchias, hereinafter sometimes referred to as the interveners, brought a bill for specific performance against respondent. Almost a year after said bill was filed complainant moved to reopen the instant suit. The respondent did not object and the motion was granted. Thereupon

the Manocchias moved to intervene in such suit in accordance with general laws 1938, chapter 528, §12. From a decree of the superior court granting that motion, complainant has appealed to this court.

The complainant contends that the court erred because the motion to intervene was not in due form and was not supported by evidence. He also claims that it was filed so late that it should have been dismissed on the ground of laches. In reply the interveners contend that complainant has no standing to appeal because he was not aggrieved by the granting of the motion, none of his rights having been thereby determined. They also urge that the appeal be dismissed on the ground that under §12 the granting of a motion to intervene rests in the discretion of the superior court and that, except for abuse, its exercise of such discretion is not reviewable by this court.

We do not think that the appeal should be dismissed on either ground. The Manocchias' right to intervene depends upon compliance with §12 which reads as follows:

> "Whenever any bill or proceeding in equity is pending, any person not a party thereto may, upon making it appear to the superior court that he is interested in the subject matter of the suit or proceeding, or that he has reason to apprehend collusion between the parties therein to obtain some order or decree by which his interest may be affected, be allowed to become a party to such suit or proceeding, upon such terms and conditions as the court shall prescribe."

That right is not dependent upon the discretion of the superior court, but is to be granted by that court only if the applicants bring themselves within the provisions of the statute. 39 Am. Jur., Parties, §75, p. 947. There it is stated: "The fact that the statute may require one seeking intervention to obtain leave of court does not give the court a discretion to accept or refuse an application for intervention, or prevent its decision thereupon from being subject to revision." Hence in the case at bar complainant

has the right to a review, for error of law and not merely for the superior court's abuse of discretion, of that court's ruling granting interveners' motion. See *Gallagher* v. *Early,* 60 R. I. 318, where this court reversed the superior court's decree denying such a motion.

We are also of the opinion that there is no merit in the interveners' contention that complainant is not aggrieved by the mere granting of the motion to intervene and therefore has no standing to appeal. It is true that by such action the merits of the cause have not been determined even in part adversely to complainant, but he is nevertheless entitled to litigate his suit without interference therein from one who has no interest in the litigation or who is not otherwise authorized by statute to intervene. Intervention was unknown at common law. *Ford Motor Co.* v. *Blair,* 259 Mich. 574. 67 C.J.S. Parties, §53 (b), p. 975. Hence in the absence of statute granting that right it may be assumed that it does not exist now. *Petition of Cross,* 17 R. I. 568. Therefore unless the Manocchias showed good legal grounds under §12 to intervene in the instant suit the superior court erred in granting their motion. Whether such grounds existed is a proper question for complainant to raise on appeal for this court's determination.

This brings us to the specific contentions made by complainant in support of his appeal. We think his first contention that the motion is not in due form is clearly without merit. The motion is too lengthy to quote here but it may be substantially summarized as setting out the travel of the instant suit, the description of the contract between respondent and the Manocchias, reference to the filing of their suit for specific performance, and their apprehension of collusion between complainant and respondent to circumvent such suit and to defeat the Manocchias' alleged right under their contract. The motion concludes with a prayer that they may be allowed to intervene on the ground of such threatened collusion and also on the further ground of their

interest in the subject matter of the suit. There is another prayer with which we have no concern here as it was not granted by the decree appealed from. The motion bears the signature of Manocchias' counsel, but is unsworn.

The complainant argues that since it is unsworn it is not in due form and therefore the allegations therein of collusion and interest cannot be deemed a sufficient showing to warrant the granting of the motion in the absence of evidence to support those allegations. Ordinarily a motion need not be under oath and there is no provision in §12 requiring one. Therefore, as far as the mere absence of an oath is concerned, it cannot be held that for such reason the motion to intervene was not in due form. In so holding, however, we express no opinion on the form or correctness of the bill of intervention, otherwise entitled by the interveners as their "Bill Of Intercession," which they filed after the motion to intervene had been granted. That matter is not before us on this appeal.

The complainant argues that if the motion was in due form, it should have been denied, as no evidence was presented in support of the allegations therein. In the circumstances here we think that evidence in proof of such allegations was not necessary to enable the superior court to determine whether there was ground for intervention by the Manocchias. The allegations in the motion were as to maters of record in the superior court itself concerning the existence of which there could be no controversy and from which that court could reasonably infer there might possibly be collusion between complainant and respondent, or that by virtue of the pending suit for specific performance the Manocchias had an interest in the subject matter of the instant suit which conceivably could be adversely affected by the final decree entered therein. We think the chronology of the litigation which is hereinafter set out in our discussion of complainant's third contention substantially supports this view. Moreover, in this connection it

is important to bear in mind that in deciding the motion the superior court was not passing upon the merits of the allegations therein as proof of the Manocchias' right to the real estate in question but solely as to whether under §12 they had made a showing sufficient to entitle them to intervene to obtain a determination of that right in the instant suit.

The complainant's third contention is that the Manocchias delayed too long before asserting their right to intervene and therefore their motion should have been denied on the ground of laches. Of course the right ought to be claimed within a reasonable time. 39 Am. Jur., Parties, §72, p. 944. In other words, as practically all the cases state, the intervener must be diligent. But mere lapse of time is not enough to support a claim of laches. *Goff* v. *United States Fidelity & Guaranty Co.*, 72 R. I. 363. It must be such delay as works a disadvantage or prejudice to another. *Chase* v. *Chase*, 20 R. I. 202. However, in our opinion, the interveners here did not delay but were reasonably diligent, if not unusually prompt, in asserting their rights after it became evident to them that complainant, at least with the acquiescence if not connivance of respondent, had succeeded in reopening his suit against respondent long after he had lost it. This unusual event following the protracted inaction of respondent in not having a final decree entered denying and dismissing complainant's bill may well be considered the first notice to the interveners of the adverse effect which renewed litigation of the instant suit could have on their interest in the subject matter thereof.

In response to such notice they moved without delay as the following chronology compiled from the record shows: September 10, 1948, interveners' written agreement with respondent to purchase her real estate; September 28, 1948, complainant brings instant suit against respondent to impress a trust upon said real estate; January 15, 1952, decision of superior court denying and dismissing his suit, no decree entered

thereon; June 29, 1952, interveners file their bill for specific performance by respondent of her agreement to sell said real estate; June 5, 1953, complainant moves to reopen instant suit; *September 30, 1953, motion granted without objection by respondent; October 6, 1953, interveners file motion to intervene therein;* October 9, 1953, motion granted.

The complainant contends, if we understand him, that the interveners waited too long after he had commenced his suit on September 28, 1948. If that was the date when they were first put upon notice of need for action on their part, it might well raise a serious question as to why they did not move to intervene before the cause was heard originally. But, in the circumstances, that was not necessarily the date from which we should measure the delay. At that time the Manocchias could very well have thought that possibly complainant had an equitable title to the real estate in question which was prior in time to their right to a conveyance thereof by virtue of their contract with respondent.

However, after January 15, 1952 when complainant's bill was denied and dismissed and he did not appeal, that possible obstacle was removed from the interveners' path and they then proceeded on June 29, 1952 to enforce their right to specific performance. At that time they were on their way to a judicial determination of such right unimpeded by any claim of complainant. But after almost another year had elapsed, the complainant moved to reopen the old suit and respondent offered no objection notwithstanding the doubtful right of complainant to reopen a suit which had been finally decided in respondent's favor almost a year and a half before June 5, 1953. The granting of that motion on September 30, 1953, a date we have italicized above, is the date for measuring interveners' delay if there was any. Obviously there was none.

Nor was the motion too late because it was not filed

until after complainant's suit was decided on January 15, 1952. Ordinarily such delay might well be fatal but in the circumstances arising here as a result of the granting of complainant's motion to reopen it is not. It has been held that where a judgment is vacated and a new trial ordered a motion to intervene thereafter made is to be determined by the same rules as if no judgment had been theretofore rendered. *Paine* v. *Copper Belle Mining Co.*, 13 Ariz. 406, aff'd 232 U. S. 595; *Eggers* v. *National Radio Co.*, 208 Cal. 308. And the same is true where the judgment is reversed on appeal and a new trial is ordered. *Buhl* v. *McDowell*, 60 S. D. 22.

In any event, even if the delay should be measured from the commencement of complainant's suit there would be no laches in law, since it does not appear that such delay was in any way detrimental to complainant's prosecution of his cause on the merits or otherwise worked any disadvantage or prejudice to him. Delay, however long continued, which does not result in such harm is not laches. *Oldham* v. *Oldham*, 58 R. I. 268.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Isidore Kirshenbaum,* for complainant.

*William G. Grande, Corinne P. Grande,* for interveners.

