[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before this Court is a motion filed by Lori DeRobbio, formerly known as Lori Mason, asking this Court to permit her to intervene and to stay disbursement of proceeds from the Registry of the Court pursuant to R.I. Super.R.Civ.P. 24 (a). Plaintiffs have objected to this motion.
 Facts/Travel
This matter arises out of two lawsuits that were consolidated for trial, herein referred to as 92-0960 and 00-0099. With respect thereto, a brief history of the travel of this case follows.
In July 1987 Mr. Steven Manni ("Manni") and Mr. John Aiello ("Aiello") incorporated a company called Atlantic Ready-Mix Concrete Incorporated ("Atlantic Ready-Mix"). Atlantic Ready-Mix manufactured and sold ready-mix concrete for residential and commercial development. Both Manni and Aiello were the principal shareholders, officers and directors of Atlantic Ready-Mix.
Concurrently, Manni and Aiello were principals in other businesses also related to residential and commercial development. Specifically, Manni was a shareholder and president of the defendant corporation, Atlantic Concrete Forms, Incorporated ("Atlantic Forms"), a company which installs residential and commercial building foundations. Similarly, Aiello was a shareholder and officer of Richmond Sand and Gravel Incorporated, a company which sold sand and gravel products used in the manufacture of ready-mix concrete. Aiello was also an officer and shareholder of Aiello Construction Incorporated, a company engaged in general construction.
 Richmond Ready-Mix, Inc., Case 1
After Atlantic Ready-Mix was incorporated, Citizens Trust Company ("Citizens") financed Atlantic Ready-Mix to set up its manufacturing plant and begin its operations. Officers of Atlantic Ready-Mix signed valid and enforceable promissory notes to repay the monies lent by Citizens upon certain terms and conditions. The officers and directors also signed valid and enforceable security agreements granting Citizens a security interest in the assets of Atlantic Ready-Mix, which also included all accounts receivables that were due and owing Atlantic Ready-Mix.
Atlantic Ready-Mix commenced operations in Fall 1987 and continued operating until October 1991. It was during this latter date that Atlantic Ready-Mix began to experience financial difficulty. In October 1991, Atlantic Ready-mix defaulted on its obligations under the promissory notes. On November 19, 1991 Citizen exercised its rights under the security agreement and took legal and valid possession of the assets including all accounts receivable due and owing to Atlantic Ready-Mix. On the aforementioned date, Atlantic Ready-Mix ceased operations.
When Citizens exercised its rights under the security agreement, there was an open account receivable for the amount of $113,237.67. Atlantic Ready-Mix books indicated that monies were due and owing from Atlantic Forms for purchases of concrete. Citizens began efforts to collect on this account receivable by making a demand for payment on Atlantic Forms. Citizens, however, was unsuccessful and thus filed suit against Atlantic Forms to collect the unpaid debt (civil action #92-0960).
While attempting to collect the outstanding account receivable, Citizens began to sell the assets of Atlantic Ready-Mix. On July 6, 1992 Citizens sold Atlantic Ready-Mix's collateral to Richmond Ready-Mix Incorporated ("Richmond Ready-Mix"), including the account receivable. As such, Richmond Ready-Mix became the Plaintiff in civil action 92-0960. At this time, Atlantic Forms answered and filed a counterclaim alleging that the account receivable should be set off by promissory notes owed to Atlantic Forms by Atlantic Ready-Mix.
In September 2003, this case was reached for trial. The parties entered into a consent decree stipulating to facts and submitted legal memoranda concerning outstanding issues for the Court's consideration and decision. This Court has since rendered a written decision finding that the Plaintiff, Richmond Ready-Mix, owns the account receivable in the amount of $113,237.67 free and clear of any set off.
 Richmond Ready-Mix, Inc., Case 2
The facts and travel concerning case 00-0099 commenced during the early 1990s while Atlantic Ready-Mix was experiencing financial trouble. During this time, Mr. Charles Brier, a general contractor, owed both Atlantic Ready-Mix and Atlantic Forms monies for purchasing concrete and the installation of residential and commercial foundations. Mr. Brier was unable to pay off his debt to both companies. Subsequently, Mr. Brier agreed to deed title to a condominium unit located at 75 Glen Drive in West Warwick, Rhode Island, to Atlantic Ready-Mix and Atlantic Forms as tenants in common in exchange for release from the debt he owed to both corporations. Both Atlantic Ready-Mix and Atlantic Forms owned the condominium unit. However, it was only Atlantic Forms that took possession and control of the condominium after Atlantic Ready-Mix dissolved.
Richmond Ready-Mix and their agents made attempts throughout the 1990s to resolve the issue of the account receivable by determining which company (Atlantic Ready-Mix or Atlantic Forms) was entitled to the equity and profits from the condominium unit. Richmond Ready-Mix's efforts proved unsuccessful. Thus, in January 2000, Richmond Ready-Mix filed suit against Atlantic Forms, requesting that a commissioner be appointed, an accounting performed, the condominium sold and the equity distributed amongst the parties. This lawsuit became civil action 00-0099.
At the time Richmond Ready-Mix filed this lawsuit, Manni and his sister, Ms. Lori DeRobbio (formerly Ms. Lori Mason) (hereinafter "DeRobbio"), were equal shareholders in Atlantic Forms. On June 22, 2000 Manni and DeRobbio entered into an agreement ("Agreement") for the purposes of dividing Atlantic Forms so that Manni and DeRobbio could own separate companies. The new business established by DeRobbio is known as Capital City II, Inc. The Agreement signed by both Manni and DeRobbio acknowledged the existence of pending litigation pertaining to the condominium unit. The Agreement provided DeRobbio with a percentage of the proceeds from the sale of the condominium.
In September 2001, the condominium unit was sold, and the proceeds from the sale ($84, 843.00) were directed into the Court Registry. It is undisputed by DeRobbio and the Plaintiff that there is no direct evidence that DeRobbio was aware of the sale of the condominium or deposit of the proceeds into the Court Registry. In an affidavit, it is alleged that Aiello had a conversation with DeRobbio's husband and business partner, Mr. Albert DeRobbio, in which Aiello made Mr. DeRobbio aware that the condominium was sold and the proceeds were in the Court Registry. Mr. DeRobbio claims, however, that he has never met Aiello personally, but had one or two phone calls during which it was conveyed that the Agreement would be honored by Manni and Atlantic Forms, meaning that Mrs. DeRobbio would be entitled to her share pursuant to the Agreement. Mr. DeRobbio contends that at no time during those conversations with Aiello was he made aware that the parties intended to enter or had entered into a consent judgment. Mr. DeRobbio further disputes that he is Mrs. DeRobbio's business partner.
In September 2003 this matter, 00-0099, along with the aforementioned civil action, 92-0960, was reached for trial. A consent judgment for 00-0099 was entered by Richmond Ready-Mix and Atlantic Forms. The consent judgment confirmed the amount of profit made during the ownership of the condominium and the percentage of the profit and equity to which each corporation and each shareholder were entitled. The judgment included Aiello's share of the profits and equity in the condominium. The judgment provided that Aiello was entitled to monies deposited in the Court Registry and that he could withdraw these monies at any time. Lastly, the Consent Judgment provided that the remaining amount of money in the Court Registry will be used to satisfy any judgment in the first civil action, 92-0960.
On January 8, 2004 Aiello withdrew his share of the profits, equity, and proceeds from the sale of the condominium unit in the amount of $44, 326. Since the written decision in the civil action 92-0960, Richmond Ready-Mix has filed a motion seeking to withdraw the balance of the money in the Court Registry (approximately $40, 517.27 or $40, 517.07) to satisfy part of the account receivable pursuant to the consent judgment in civil action 00-0099.
On June 3, 2004, DeRobbio, acting pursuant to the provisions of Super. R. Civ. P. 24 (a) of the Superior Court Rules of Civil Procedure, filed a motion to intervene in the consolidated proceedings. She also sought a stay of disbursement of the monies remaining in the Court Registry.
 Applicable Law
DeRobbio seeks intervention as a matter of right under Super. R. Civ. P. 24(a)(2). To establish this right, DeRobbio is required (1) to file timely application for intervention; (2) to show an interest in the subject matter of that action in that the disposition of the action without intervention would as a practical matter impair or impede their ability to protect that interest; and 3) to establish that her interest was not adequately represented by the existing parties. The MartegCorporation et al. v. Zoning Board of Review of the City of Warwick,425 A.2d 1240, 1242 (R.I. 1981).
Since the rule itself is silent regarding what constitutes a timely application, it is well settled that the determination of timeliness is a matter committed to the sound discretion of the trial justice. See id. at 1242. In Marteg, the Court articulated the principle that timeliness of intervention is to be judged by two criteria: (1) the length of the time during which the proposed intervenor has known about his interest in the suit without acting; and (2) the harm or prejudice that result to the right of other parties by delay. Id. at 1243 (citing McDonald v. E.J.Lavino Co., 430 F.2d 1065, 1073 (5th Cir. 1970)). Of these two, the latter is the more important consideration. Id.
However, "intervention after final judgment is unusual; consequently the party seeking to intervene must satisfy an especially heavy burden."Direct Action for Right Equality, 713 A.2d 218, 222 (R.I. 1998); seeMarteg, 425 A. 2d at 1242. The moving party has a heavy burden to show facts or circumstances that justify intervention at that late date.Chierighnie v. Bowers, 631 P.2d 183, 186 (Haw.Ct.App., 1981). The rational underlying this reluctance is the assumption that allowing intervention after judgment will either (1) prejudice the rights of the existing parties to the litigation or (2) substantially interfere with the orderly processes of the court. Marteg, 425 A.2d at 1243 (citingMcDonald v. E.J. Lavino Co., 430 F.2d at 1073.)
 Movant's Argument
DeRobbio argues that the monies in the Court Registry are rightfully due and owing to Capital City II. Further, DeRobbio contends that the monies should not be used by Atlantic Forms to pay any debts it owes to Richmond Ready-Mix for the payment of the account receivables that is not related to the condominium.
DeRobbio asserts that intervention in both consolidated cases is necessary to protect her interest and further that the present parties do not adequately represent her interests. Although she acknowledges that she was aware of pending litigation concerning the condominium unit, as outlined in the Agreement, she maintains that she was not given prior notice of the sale of the condominium or the deposit of the sale proceeds into the Registry of the Court. Thus, DeRobbio asserts that intervention is necessary because she only recently became aware of the sale of the condominium unit, the Consent Judgment and the deposit of condominium sale proceeds into the Court Registry. Thus, because, DeRobbio asserts these events occurred without her knowledge, she wishes the Court to permit intervention at this time.
DeRobbio further argues that she believed that her interests were adequately represented by her brother, Manni, when the proceeds from the sale of the condominium were deposited in the Court Registry. She states that there were no concerns at that time, because Manni was under an obligation to abide by the terms of the Agreement. DeRobbio states that she only became aware that her interest was not being adequately protected when the proceeds were to be disbursed to pay Atlantic Forms' debt to Richmond. Thus, Manni was not intending to abide by the terms of the Agreement.
DeRobbio finally maintains that Atlantic Concrete's agreement to the Consent Judgment in the first civil action constituted a breach of the Agreement, wrongful conversion of its rightful property, and constitutes a fraud and deception upon the Court. In addition, DeRobbio argues that there is imminent danger that the monies on deposit in the Court Registry will be disbursed to Richmond Ready-Mix to the detriment of Capital City II.
 Non-moving Party's Argument
The Plaintiff, Richmond Ready-Mix, argues that DeRobbio should not be entitled to intervene in these consolidated cases because her motion was not timely filed pursuant to R.I. Super. R. Civ. P. 24(a)(2).
Specifically, Plaintiff contends that DeRobbio has known about her interest in the condominium unit for at least four years as evidenced in the Agreement signed by DeRobbio and Manni. The Agreement acknowledges the existence of litigation concerning the ownership interest in the condominium.
Plaintiff states that although there is no direct evidence that DeRobbio was aware that the condominium had been sold and the monies deposited in the Court Registry, Aiello informed DeRobbio's husband and business partner, Mr. DeRobbio, of the ensuing events prior to entering the Consent Judgment of civil action 00-0099, dated September 17, 2003. Plaintiff believes that through discovery or an evidentiary hearing, it would be revealed that DeRobbio herself was aware of the events.
Plaintiff relies on Marteg v. Zoning Board of Review of the City ofWarwick, 425 A. 2d 1240 (R.I. 1981) in the opposition to the motion to intervene. Specifically, Richmond argues that an intervenor's obligation to file a timely motion to intervene is when the intervenor becomes aware of her interest in the litigation, not when she becomes aware that her alleged interest is jeopardized. Thus, Richmond Ready-Mix contends that DeRobbio should have intervened approximately four years ago to assert her rights to the proceeds from the sale of the condominium when she entered into the Agreement with Manni in June 22, 2000. Richmond Ready-Mix contends that this four year period is both grossly excessive and beyond the bounds of reasonableness contemplated by the Rhode Island Supreme Court in Marteg.
Richmond Ready-Mix further argues that they will suffer substantial prejudice and severe hardship if the motion to intervene is granted. Plaintiff avers that if the remainder of the funds from the Court Registry were not made available to Plaintiff, they would be denied the "benefit of the bargain" pursuant to the Consent Judgment in civil action 00-0099. Furthermore, Plaintiffs contend that the motion to intervene, if granted, would take away monies owed to Richmond Ready-Mix pursuant to the judgment in civil action 92-0960. Granting of said motion, Plaintiff maintains, would be prejudicial since in that particular civil action, judgment was against Atlantic Forms only, not Manni in his individual capacity, and upon their belief Atlantic Forms does not have sufficient assets to satisfy the judgment. Thus, Richmond Ready-Mix argues that there is no guarantee that it would be able to collect upon the monies rightly owed to them. Additionally, Plaintiffs state that if the motion to intervene were granted, then DeRobbio would have an actionable claim against Atlantic Forms and Manni individually. As such, Plaintiffs claim that Manni has sufficient assets to satisfy any debt owed to DeRobbio.[1]
 Analysis
In the instant matter, this Court finds that DeRobbio had ample opportunity to intervene in the Superior Court action. She knew of the legal proceedings that were taking place and could have become a party to it. As conceded by her counsel in the intervention motion, DeRobbio was aware of pending litigation concerning the condominium as per the Agreement with her brother, Manni, dated June 22, 2000. Thus, DeRobbio knew or should have known of her interest in the outcome of that particular litigation approximately four years ago. Instead, as counsel for DeRobbio notes, DeRobbio only moved to intervene once she realized that Manni did not intend to abide by the terms of the Agreement, or in other words, when she realized that her interest was in peril. This Court's interest in the expeditious administration of justice is not served by permitting DeRobbio to reopen the matter in an untimely manner. See Marteg, 25 A.2d at 1243. (citing Westward Coach ManufacturingCo. v. Ford Motor Co., 388 F.2d 627, 635 (7th Cir. 1968) (upholding the district court's decision that because Appellants were intimately involved in the prosecution of the action from its inception, the motion to intervene sixteen months after the complaint was filed, and one month after summary judgment was granted, was untimely.))
Of significant importance is the prejudice that will result to Richmond Ready-Mix should intervention be allowed. Pursuant to Marteg, this Court must determine whether Richmond Ready-Mix has suffered any harm or prejudice as a result of the delay in the intervention. Marteg,425 A.2d at 1243. Applying principles of equity, this Court is mindful ofCimino v. Cimino, 107 A.2d 463 (R.I. 1954), wherein, the Rhode Island Supreme Court held that "[t]he right to intervention ought to be claimed within a reasonable time. In other words, as practically all the cases state, the intervenor must be diligent." Id. at 466. However, mere lapse of time is not enough to support a claim of laches. Id. (citing Goff v.United States Fidelity Guaranty Co., 72 R.I. 363, 51 A.2d 588 (1947) It must be such delay as works a disadvantage or prejudice to another."Id. (citing Chase v. Chase, 20 R.I. 202, 37 A. 804 (1897).
This Court notes that the monies owed to Richmond Ready-Mix have been outstanding for approximately twelve years. Richmond entered into the Consent Judgment, 00-0099, expecting that the entire portion of the proceeds from the sale of the condominium would be used to satisfy the judgment in 92-0960. Additionally, Richmond Ready-Mix would be prejudiced if intervention is granted because Atlantic Forms is without sufficient funds. Thus, it would be difficult for Richmond Ready-Mix to collect these monies from this dissolved corporation to satisfy the judgment. As such, relief to which Richmond Ready-Mix is entitled to would be withheld because movant waited for an extended period of time.
DeRobbio has not satisfied the heavy burden required for intervention after a final judgment. See Marteg, 425 A.2d at 1243. Finding that intervention here would prejudice the rights of and result in a disadvantage to the parties, as well as impede the "orderly processes of the court," this Court denies the motion to intervene.
 Conclusion
For the above reasons, this Court denies DeRobbio's motion to intervene. Counsel shall submit a judgment consistent with this opinion.
[1] In Plaintiff's reply memorandum in response to movant's reply memorandum, Plaintiff refers the Court to Manni's deposition, wherein he testified that he owns a home in South Kingstown worth approximately $550,000 in equity.